**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------§
**COMMONWEALTH OF**                        §
**MASSACHUSETTS,**                         §
                                           §
  **Appellant,**                 §
                                           §        **Case No. 25-3754**
**v.**                                     §
                                           §
**PLAN ADMINISTRATOR**                     §        **Related:**   **Case No. 25-2825**
**COMMITTEE, AS TRUSTEE OF**               §                   **Case No. 25-3755**
**PLAN TRUST OF STEWARD**                  §                   **Case No. 25-3830**
**HEALTH CARE**                            §                   **Case No. 25-3757**
**SYSTEM LLC,** *et al.*,                  §                   **Case No. 25-3824**
                                           §                   **Case No. 25-2829**
**Appellees,**                             §                   **Case No. 25-2901**
                                           §
---------------------------------------------§
**In re:**                                 §        **Chapter 11**
                                           §
**STEWARD HEALTH CARE**                    §        **Case No. 24-90213 (CML)**
**SYSTEM LLC,** *et al.*,                  §
                                           §        **(Jointly Administered)**
    **Debtors.**[1]      §
---------------------------------------------§

**APPELLEES' RESPONSE IN OPPOSITION TO THE COMMONWEALTH,
TRACO, AND PARTICIPANTS' JOINT (I) MOTION TO CONSOLIDATE
APPEALS OF THE SETTLEMENT ORDER, SOLICITATION ORDER,
DISMISSAL ORDER, AND CONFIRMATION ORDER; AND (II) MOTION TO
<u>CERTIFY FOR DIRECT APPEAL</u>**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website
of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.    The
Debtors' service address for these chapter 11 cases is: 2811 McKinney Avenue, Suite 300, Dallas,
Texas 75204. The Plan Trust, the successor in interest to Steward Health Care System LLC and
its affiliated Debtors, was formed on August 27, 2025.  *See* Bankr. Doc. No. 5955.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................ii

PRELIMINARY STATEMENT ...................................................................................... 2

ARGUMENT.................................................................................................................... 3

    **I.**    Appellants' Motion to Consolidate Should Be Denied................................ 3

    **II.**   There Is No Basis to Certify for Direct Appeal to the Fifth Circuit ............ 4

           **1.**    There Is No Question of Law Without a Controlling Decision Requiring Direct Appeal .......................................... 6

           **2.**    There Are No "Conflicting Decisions" Within the Fifth Circuit Capable of Resolution on Direct Appeal ................... 9

           **3.**    There Is No Matter of Public Importance Requiring Direct Appeal ...................................................................... 12

           **4.**    Direct Appeal to the Fifth Circuit Would Not Materially Advance the Outcome of the Bankruptcy Case ................... 14

    CONCLUSION ..................................................................................................... 15

Appellees Monica Blacker, Alan J. Carr, and William Transier, in their capacity as sole members of the Plan Administrator Committee, as trustee of the Plan Trust, successor in interest to Steward Health Care System LLC and its affiliated Debtors, respectfully submit this combined response in opposition to *The Commonwealth, TRACO, and Participants' Joint (I) Motion to Consolidate Appeals of the Settlement Order, Solicitation Order, Dismissal Order, and Confirmation Order; and (II) Motion to Certify for Direct Appeal* (Doc. No. 2) (the "Motion").

## PRELIMINARY STATEMENT

Appellants want to consolidate and certify to the Fifth Circuit two groups of appeals: those challenging the bankruptcy court order approving a settlement agreement between Debtors and some of their lenders,[2] and those challenging orders related to plan confirmation.[3] But because the Settlement Appeals are moot, Appellees have separately moved to dismiss that action in its entirety.[4] That motion should be granted, leaving nothing to consolidate. And because the challenges to the confirmed plan are fact-bound and highly dependent on the intricacies of this particular case, there is no basis to certify any of these appeals for direct review by the Fifth Circuit.

---

[2] The "Settlement Appeals," as defined in Appellants' Motion (Doc. No. 2).

[3] This includes the Confirmation Appeal, Dismissal Appeal, and Solicitation Appeal, as defined in Appellants' Motion (Doc No. 2) (collectively, the "Plan Appeals").

[4] See *Appellees' Motion to Dismiss Appeals as Moot*, to be filed contemporaneously herewith in Case No. 25-02825 (the "Motion to Dismiss").

Appellants' Settlement Appeals cannot be consolidated with the other appeals because the Settlement Appeals are both constitutionally moot, presenting no justiciable case or controversy, and statutorily moot. Rather than be consolidated with the appeals of the bankruptcy court's later orders, the Settlement Appeals should be dismissed altogether.

Moreover, Appellants' attempt to frame these appeals as involving a single, discrete question of law that should be certified directly to the Fifth Circuit under 28 U.S.C. § 158(d)(2)(A) falls flat. The question of whether the bankruptcy court properly exercised its discretion in confirming the plan in this case is inextricably linked to the complexities of this bankruptcy and the claims and parties involved. As a result, there is no "question of law" requiring resolution by the court of appeals or that would have significant precedential implications for future bankruptcies.

For these reasons, the Court should (I) deny Appellants' request to consolidate and (II) deny Appellants' request to certify for direct appeal.

## ARGUMENT

### I. Appellants' Motion to Consolidate Should Be Denied

For all the reasons outlined in full in Appellees' Motion to Dismiss, the Settlement Appeals are both constitutionally and statutorily moot. In the Settlement Appeals, Appellants contend the Settlement agreement was a *sub rosa* plan—meaning the settlement was effectively a liquidation plan and therefore could only be approved as part of plan confirmation. But the bankruptcy court's subsequent order confirming the plan and re-approving the Settlement renders Appellants' *sub rosa* plan argument and any other challenges to the Settlement moot under Article III of the Constitution. In addition, the

appeals are statutorily moot under 11 U.S.C. § 363(m) because the Settlement was a sale of Debtors' assets to a good-faith purchaser and the order was not stayed pending appeal, and therefore the sale cannot be reversed.

Nevertheless, Appellants have asked this Court to consolidate the Settlement Appeals with the Plan Appeals. Under Federal Rule of Bankruptcy Procedure 8003(b)(2), "the district court . . . may join or consolidate [separate] appeals." Whether to consolidate bankruptcy appeals is left to the district court's discretion. *In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017).

Appellants' Settlement Appeals should not be consolidated with the other appeals for the same reasons the Settlement Appeals should be dismissed. The Settlement Appeals are both constitutionally moot, presenting no justiciable case or controversy, and statutorily moot. Because the Court should grant the Motion to Dismiss the Settlement Appeals for mootness, consolidating the Settlement Appeals with the separate Plan Appeals would be pointless: there is nothing to consolidate. For these reasons, Appellants' request to consolidate should be denied.

## II.    There Is No Basis to Certify for Direct Appeal to the Fifth Circuit

In addition to denying Appellants' request for consolidation, this Court should also deny Appellants' request for certification for direct appeal to the Fifth Circuit.[5]

---

[5] Appellants state, without any further explanation, that "[o]ther issues in the Proposed Consolidated Appeals also satisfy the certification criteria and, for judicial efficiency, should be considered and resolved alongside the Effective Date Issue." Motion at 7. Appellees would contend that no issue raised in this appeal warrants certification.

As a default rule, cases are best resolved through the normal process: from bankruptcy court to district court to the court of appeals. *See In re Davis*, 512 F.3d 856, 858 (6th Cir. 2008) (noting importance of "percolation through the district court" for developing "a coherent body of case law" and "facilitat[ing] . . . wise and well-informed decision[s]" (quoting *Weber v. United States*, 484 F.3d 154, 161 (2d Cir. 2007))); *Ohio v. Roberts,* 448 U.S. 56, 64 (1980) (recognizing "common-law tradition" of "gradual" process), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004).

Section 158(d)(2)(A) outlines the limited circumstances in which a bankruptcy court order may be appealed directly to the court of appeals. Under section 158(d)(2)(A), certification is appropriate only if one of the four following conditions are met:

> (1) "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States," § 158(d)(2)(A)(i);

> (2) "the judgment, order, or decree . . . involves a matter of public importance," § 158(d)(2)(A)(i);

> (3) "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions," § 158(d)(2)(A)(ii); or

> (4) "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken," § 158(d)(2)(A)(iii).

The party requesting certification of direct appeal bears the burden of establishing that one or more of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A) applies. Fed. R. Bankr. P. 8006(f); *Genter v. Reed* (*In re Genter*), No. 3:19-CV-01951-E, 2020 WL

3129637, at *4 (N.D. Tex. June 12, 2020). If the party requesting certification fails to meet its burden, then direct appeal cannot be certified, and the case remains with the district court. Fed. R. Bankr. P. 8006(f)(1); *see, e.g.*, *Faulkner v. Kornman*, No. 10-301, 2012 WL 293230, at *2-4 (Bankr. S.D. Tex. Jan. 30, 2012).

### 1. *There Is No Question of Law Without a Controlling Decision Requiring Direct Appeal*

Appellants do not raise a question of law appropriate for certification to the court of appeals. Rather, their challenge to the plan confirmation has to do with fact-based questions and fact-intensive analysis related to the overall reasonableness and feasibility of Debtors' plan in this case.

Certification under section 158(d)(2)(A)(i)—which requires "a question of law as to which there is no controlling decision"—is appropriate only in cases involving "questions[s] of law not heavily dependent on the particular facts of a case." *Weber*, 484 F.3d at 158. Courts routinely refuse to certify "mixed questions of law and fact." *See, e.g.*, *Am. Home Mortg. Inv. Corp. v. Lehman Bros. Inc.* (*In re Am. Home Mortg. Inv. Corp.*), 408 B.R. 42, 44 (D. Del. 2009) (holding issues were "mixed questions that implicate the particular circumstances of this case, and as such, they are not pure legal questions warranting direct certification"); *Mark IV Indus., Inc. v. N.M. Env't Dep't*, 452 B.R. 385, 390 (S.D.N.Y. 2011) (denying certification on "mixed questions of law and fact, rather than pure questions of law appropriate for direct appeal"); *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC* (*In re Sabine Oil & Gas Corp.*), 551 B.R. 132, 139 (Bankr. S.D.N.Y. 2016) (finding no question of law for certification despite lack of "applicable

binding decision," where issue "relied on a case-specific analysis" of contract language and "relevant facts").

In this case, after a multi-day evidentiary hearing at which extensive evidence was presented, the bankruptcy court found as a matter of fact that the plan "satisfies the requirements for confirmation" under the applicable evidentiary standard, "as set forth in section 1129 of the Bankruptcy Code." Doc. No. 2-1, Ex. 5 ("Confirmation Order") at 26. The court issued an order confirming the plan on July 25, 2025. *Id.*

After a plan is confirmed, there is an "effective date," when the provisions of the plan actually go into effect, similar to a closing. Several provisions of the Bankruptcy Code reference the "effective date," such as section 1129(a)(9)(A), which requires that "[e]xcept to the extent that the holder of a particular claim has agreed to a different treatment of such claim, . . . on the effective date of the plan, the holder of [an Administrative Expense Claim] [must] receive . . . cash equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9)(A). The Bankruptcy Code does not define the "effective date" of the plan or prescribe when it must occur. *In re Good*, 428 B.R. 235, 244 (Bankr. E.D. Tex. 2010); *see In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 3, 2019), Hr'g Tr. 247:3-5 ("As far as [Section 1129](a)(9) is concerned, there's nothing in the [Bankruptcy] [C]ode or the case law that says that a plan has to go effective by [] some specific date."). Rather, the "effective date" is defined by the terms of the plan, and is considered as one of many factors in the confirmation process. *See In re Rolling Green Country Club*, 26 B.R. 729, 735 (Bankr. D. Minn. 1982) ("'effective date' must be given a reasonable reading and mean within a 'reasonable' time").

Because every bankruptcy is different, effective dates vary widely plan to plan. Some plans are more straightforward, whereas other plans require more complicated timelines or contingencies. Courts in this and other circuits have consistently recognized that a chapter 11 plan can be confirmed even if consummation of the plan is subject to contingencies that are unresolved at the time of confirmation. *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 31, 2022) (Docket No. 10693) (over three years between confirmation and effective dates); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Oct. 22, 2013) (Docket No. 10367) (effective date contingent on regulatory approval). Rather than being an obstacle to confirmation, such contingencies are often practical and necessary, including to maximize creditor recoveries.

The plan confirmed in this case conditions the date of effectiveness on the satisfaction of administrative expense claims projected to be paid primarily from the proceeds of litigation assets. This is not unusual. *See, e.g.*, *In re Sears*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 31, 2022) (Docket No. 5370) (confirming liquidating plan that allowed the debtors to pursue significant litigation claims between confirmation and effective date to fund administrative and priority claimants); *In re Cash Cloud, Inc.*, No. 23-10423 (MKN) (Bankr. D. Nev. Aug. 17, 2023) (Docket No. 1126) (confirming liquidating plan where the effective date was contingent on satisfaction in full of administrative expense claims, primarily projected to be derived from litigation proceeds). In cases such as this one, where claim payments depend on recoveries from unliquidated litigation assets, it is entirely reasonable—as the bankruptcy court found here—that the effective date takes place when those proceeds are received. *See* Confirmation Order at 6-

26; *see also, e.g.*, *In re Inter Urb. Broad. of Cincinnati, Inc.*, No. CIV. A. 94-2382, 1994 WL 646176, at *3 (E.D. La. Nov. 16, 1994) (finding conditional "payment date/effective date/closing date is sufficiently definite under the circumstances"); *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship* (*In re T-H New Orleans Ltd. P'ship*), 188 B.R. 799, 805 (E.D. La. 1995) ("[C]ourts have held that this type of conditional effective date is valid, since it is not 'such an unreasonably long time as to conflict with the equitable balances set by Chapter 11.'" (citation omitted)), *aff'd*, 116 F.3d 790 (5th Cir. 1997).

In an effort to justify certification, Appellants try to define the key issue in these appeals as a lofty, free-floating question of law that is entirely disconnected from the facts and circumstances of this particular case and this particular plan. But to the contrary, whether, in a given case, the effective date is reasonable in the context of the overall plan depends on many factors that are specific to the unique facts and circumstances of such case. Even if the Fifth Circuit had held an effective date was or was not reasonable in one case, the outcome here would nonetheless require application to and extensive analysis of the facts. Thus, it is not a "question of law" suited to direct appeal to the court of appeals.

### 2.     *There Are No "Conflicting Decisions" Within the Fifth Circuit Capable of Resolution on Direct Appeal*

Likewise, certification for direct appeal under section 158(d)(2)(A)(ii) is inappropriate here where there are no conflicting decisions requiring resolution. This condition is not met unless there is a question of law on which conflicting decisions exist within the Fifth Circuit. *See* Collier on Bankruptcy ¶ 5.06[4][c].

Appellants fail to clearly identify which "conflicting decisions within the Fifth Circuit" must be reconciled here, and how a decision on these facts would resolve them. *See Balestri v. Hunton & Williams, LLP* (*In re Hallwood Energy, L.P.*), No. 3:12-CV-1902-G, 2013 WL 524418, at *4 (N.D. Tex. Feb. 11, 2013) ("The trustee's inability to point to a single precise question of law only emphasizes that he cannot demonstrate the decisions he cites are truly 'conflicting.'").

Nor could they. Because there is no pure question of law at issue in these appeals, Appellants' argument boils down to pointing out that courts might approve of certain effective date terms in one case but not another. But there is no mystery here that the Fifth Circuit could resolve even if it wanted to. An effective date might be reasonable in one case but not another—it simply depends on the facts.

Courts within the Fifth Circuit have confirmed chapter 11 plans with varying periods of time between confirmation and effective date. *See, e.g.*, *In re Talen Energy Corporation*, Case No. 22-90339 (MI) (Bankr. S.D. Tex. May 17, 2023) (Docket No. 2060) (approximately five months between confirmation and effective dates); *In re Seadrill Limited*, Case No. 21-30427 (DRJ) (Bankr. S.D. Tex. Feb. 22, 2022) (Docket No. 1399) (approximately four months). Courts have also confirmed chapter 11 plans with effective dates conditioned on post-confirmation events. *See In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Jan. 22, 2019) (Docket No. 2525) (confirming chapter 11 plan despite the debtors having not obtained certain regulatory approvals necessary for the plan to become effective); *see also In re T-H New Orleans*, 188 B.R. at 805 (affirming plan confirmation with an effective date conditioned on the exhaustion of appeal options); *In re*

*Inter Urb. Broad.*, 1994 WL 646176, at \*3 & n. 7 (affirming confirmation of plan with effective date after FCC decision on assignment of licenses).

Appellants point to two cases where confirmation of plans were rejected. Yet neither case is actually in conflict with the aforementioned ones, and neither directly bears on the issue here. For instance, they point to *In re Premiere Network Servs., Inc.*, No. 04-33402-HDH-11, 2005 WL 6443624 (Bankr. N.D. Tex. July 1, 2005), which denied confirmation because debtor's "ability to satisfy its financial obligations under the Plan, and the payment requirements of § 1129" was "not just speculative, but . . . so contingent on factors beyond its control . . . that completion of the Plan [wa]s unlikely." *Id.* at \*6. Here, by contrast, the bankruptcy court explicitly found that "the Plan is feasible and provides adequate and appropriate means for its implementation and an orderly wind down and liquidation," Confirmation Order at 14, and "[e]ach of the conditions precedent to the Effective Date . . . has been or is reasonably likely to be satisfied or waived in accordance with the Plan," *id.* at 26. Similarly, in *In re Star Ambulance Serv., LLC*, 540 B.R. 251 (Bankr. S.D. Tex. 2015), the court denied confirmation where, among other things, the liquidation analysis was based on mere presumptions and the debtors provided no financial projections to demonstrate its ability to fund the plan. *Id.* at 261. Here, the bankruptcy court found that Debtors' "liquidation analysis . . . and the other evidence presented" were "persuasive and credible" and "have not been controverted"  and, likewise, that Debtors credibly showed "the Plan is feasible and provides adequate and appropriate means for its implementation and an orderly wind down and liquidation." Confirmation Order at 13-14. Because the facts of this case are "materially different," an appeal would "not resolve a perceived conflict."

*In re Brown*, No. 17-52324-CAG, 2018 WL 2425968, at *6 (Bankr. W.D. Tex. May 23, 2018); *see In re Hallwood*, 2013 WL 524418, at *4 (denying certification where issue was "inherently a matter of judgment . . . influenced by a variety of factors," and appellant showed no "true conflict . . . about whether these factors are dispositive").

### 3.    *There Is No Matter of Public Importance Requiring Direct Appeal*

Contrary to Appellants' contention, there is no "matter of public importance" to justify certification for direct appeal under the second criteria in section 158(d)(2)(A)(i). "The bar for certification under this standard should be set high." Collier on Bankruptcy ¶ 5.06[4][b]; *see Zewdie v. PNC Bank, N.A.*, No. PJM 15-2167, 2015 WL 6007410, at *2 (D. Md. Oct. 9, 2015) ("[T]his ground for direct certification of appeal should be invoked only in narrow circumstances." (citation omitted)). This section is "intended to expedite appeals that involve issues of public importance that transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence *to a degree that is not usually the case*." *The Travelers Indem. Co. v. Common Law Settlement Counsel* (*In re Johns-Manville Corp.*), 449 B.R. 31, 34 (S.D.N.Y. 2011) (emphasis added) (cleaned up).

Appellants do not clear this high bar. Matters that have been found to meet this standard "include such things as the constitutionality of a provision of title 11, the applicability of nonbankruptcy law to matters arising in a bankruptcy case, the ability to change the venue of a title 11 case to an improper venue or any one of the important provisions governing consumer bankruptcies." *In re MPF Holding U.S. LLC*, 444 B.R. 719, 726 (Bankr. S.D. Tex. 2011) (cleaned up). Other examples include cases involving

"the potential burden imposed on Texas taxpayers" of a decision on sovereign immunity, *Buckingham v. Pearl Res. LLC* (*In re Pearl Res. LLC*), No. 20-31585, 2025 WL 2081580, at *3 (Bankr. S.D. Tex. July 22, 2025); the constitutionality of a law pertaining to United States Trustee fees, *Hobbs v. Buffets, LLC*, No. 5:19-CV-173-DAE, 2019 WL 12497543, at *2 (W.D. Tex. June 24, 2019); and an apparent conflict between a federal law and the Bankruptcy Code, *Trs. of the United Mine Workers of Am. 1992 Benefit Plan v. Westmoreland Coal Co.* (*In re Westmoreland Coal Co.*), No. 18-35672, 2018 WL 6920227, at *8 (Bankr. S.D. Tex. Dec. 29, 2018), *aff'd sub nom. Holland v. Westmoreland Coal Co.* (*In re Westmoreland Coal Co.*), 968 F.3d 526 (5th Cir. 2020).

Here, the fact-bound questions at issue are not ones that would "affect the public as a whole" or have significant precedential value in other cases. *See In re MPF*, 444 B.R. at 726. Appellants' conclusory statement that the general "response by the community of administrative creditors" will impact "the success or failure of future chapter 11 cases" falls far short of the burden to demonstrate the appeals are of particular public importance. Motion at 17; *see Crescent Res. Litig. Tr. v. Fields* (*In re Crescent Res., LLC*), No. 09-11507-CAG, 2012 WL 691876, at *5 (Bankr. W.D. Tex. Mar. 2, 2012) (finding "conclusory statement that 'guidance on all of the issues raised . . . in the context of a 544 action would be extremely valuable to the courts, parties and practitioners of the Fifth Circuit' is insufficient"). Thus, certification on this ground is not warranted.

### 4. *Direct Appeal to the Fifth Circuit Would Not Materially Advance the Outcome of the Bankruptcy Case*

Finally, this case falls far short of the standard for material advancement of the case under section 158(d)(2)(A)(iii) that would justify departing from the standard appellate process. This basis for direct appeal requires circumstances beyond what is found in the typical case; Congress designed the standard appellate process for a reason, and development of a case through the normal appeal process through the district court results in "answering questions wisely and well." *Weber*, 484 F.3d at 160.

Appellants assert simply that "the Effective Date is a legal question, ripe for resolution, that would quickly resolve the dispute over confirmation," and "the losing party is virtually certain to appeal to the Fifth Circuit." Motion at 18. But courts are clear that "certain appeal to the Fifth Circuit" is not itself a basis for certification. *See, e.g.*, *O'cheskey v. Templeton* (*In re Am. Hous. Found.*), No. 09-20232-RLJ-11, 2013 WL 3808096, at *2 (Bankr. N.D. Tex. July 22, 2013) ("The Court will not speculate on the outcome of the appeal in the District Court and will not assume that an appeal to the Fifth Circuit is a foregone conclusion."). "The 'threat' of a certain appeal to the circuit court can be raised on any appeal." *Id.*; *see also In re Millennium Lab Holdings II, LLC*, 543 B.R. 703, 716-17 (D. Del. 2016) ("even near certainty that this appeal will ultimately end up before the [court of appeals] is not a basis on which to certify the order"). And "bypassing the district court expedites an appeal in any action." *In re Am. Hous. Found.*, 2013 WL 3808096, at *2.

Since the plan has been confirmed, the posture is different from the typical bankruptcy case that merits direct appeal—where an active bankruptcy case will be significantly held up by the standard appeals process. *See Ries v. Paige* (*In re Paige*), 610 F.3d 865, 869-70 (5th Cir. 2010); *see also Stanziale v. Car-Ber Testing, Inc.* (*In re Conex Holdings, LLC*), 534 B.R. 606, 611 (D. Del. 2015) (finding "nothing extraordinary or urgent about this situation that recommends departing from the standard appellate process"). The plan has been confirmed, and several appeals have been docketed. Appellants identify no special need for expediency here.

***

In sum, there is no question of law that would justify direct appeal to the Fifth Circuit in this case, no particular public importance implicated by this case, nor any unusual circumstance causing a direct appeal to materially advance the bankruptcy proceeding. Thus, the Appellants' motion for certification of direct appeal to the Fifth Circuit should be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Debtors respectfully request the Court deny Appellants' motion to consolidate and motion to certify.

Dated: September 25, 2025
      Houston, Texas

15

*/s/ Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Jeffrey D. Saferstein (*pro hac vice*
forthcoming )
Gregory Silbert (*pro hac vice* forthcoming )
Robert S. Berezin (*pro hac vice* forthcoming )
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Jeffrey.Saferstein@weil.com
        Greg.Silbert@weil.com
        Robert.Berezin@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
David J. Cohen (*pro hac vice* forthcoming )
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email:  DavidJ.Cohen@weil.com

*Attorneys for Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Fed. R. Bankr. P. 8015(h) that the foregoing motion complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the items exempted by Fed. R. Bankr. P. 8015(g), this document contains 3,734 words.

/s/    *Clifford W. Carlson*
Clifford W. Carlson

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025 a true and correct copy of the foregoing was electronically served on all parties registered to receive electronic notice in this case pursuant to the Court's CM/ECF filing system.

/s/    *Clifford W. Carlson*
Clifford W. Carlson