# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § | Case No. 24-90123 (CML) |
| | § | (Jointly Administered) |
| Debtors. | § | |

| | | |
|---|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, | § § § | |
| Appellant, | § § | |
| v. | § § | Civil Action No. 4:25-cv-03754 |
| PLAN ADMINISTRATOR COMMITTEE, AS TRUSTEE OF PLAN TRUST OF STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § § | |
| Appellees. | § § | |

### STIPULATION AND CONSENT ORDER REGARDING MEDIATION OF PENDING APPEALS AND DISPUTES BETWEEN THE PLAN TRUST AND THE COMMONWEALTH OF MASSACHUSETTS

This Stipulation and Consent Order is entered into between (i) the Executive Office of Health and Human Services and the Office of the Attorney General of the Commonwealth of Massachusetts (the "**Commonwealth**") and (ii) the SHC Plan Trust Administrator (the "**Plan Trust**" and together with the Commonwealth, the "**Parties**") directing mediation of (i) appeals currently pending before this Court and (ii) claim disputes and other litigation currently pending before the United States Bankruptcy Court for the Southern District of Texas.

## RECITALS

A.  **WHEREAS**, on May 6, 2024 (the "**Petition Date**"), Steward Health Care Systems LLC and affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

B.  **WHEREAS**, on June 2, 2025, the Bankruptcy Court entered the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* (Bankr. Docket No. 5035) (the "**Settlement Order**").

C.  **WHEREAS**, on July 25, 2025, the Bankruptcy Court entered an order (Bankr. Docket No. 5774) (the "**Confirmation Order**") confirming the Debtors' chapter 11 plan of liquidation (Bankr. Docket No. 5492) (the "**Plan**").

D.  **WHEREAS**, pursuant to the Plan and Confirmation Order, on August 27, 2025, the Debtors' assets vested in the Plan Trust, and the Plan Trust became the successor in interest to the Plan Administrator Committee and the Debtors.

E.  **WHEREAS,** the Commonwealth timely appealed both the Settlement Order (Civil Action No. 4:25-cv-02825) and the Confirmation Order (Civil Action No. 4:25-cv-03754), which appeals are currently pending before the Court (collectively, the "**Appeals**").

F.  **WHEREAS,** the Plan Trust and the Commonwealth have several open disputes pending before the Bankruptcy Court concerning, among other things, the amount and priority of

certain of the Commonwealth's claims and the ability of the Commonwealth to exercise set-off and recoupment rights.

G.  **WHEREAS,** the Plan Trust and the Commonwealth wish to engage in non-binding mediation (the "**Mediation**") to attempt to resolve their open disputes and the Appeals (the "**Disputes**").

H.  **WHEREAS**, pursuant the Local Rule 16.4, the Court may refer a pending bankruptcy appeal to mediation on the agreement of the parties.

I.  **WHEREAS,** the Plan Trust and the Commonwealth have identified the Honorable Michelle Harner of the United States Bankruptcy Court for the District of Maryland as the mediator (the "**Mediator**"), and Judge Harner has indicated that she is willing to mediate the Disputes.

J.  **WHEREAS,** the Parties have separately requested that the Court suspend various deadlines relating to the Appeals for all parties to the Appeals while the Mediation is on-going.

**NOW THEREFORE IT IS HEREBY STIPULATED AND ORDERED THAT:**

1.  The Plan Trust and the Commonwealth shall participate in non-binding Mediation to attempt to resolve the Disputes.

2.  Judge Harner is appointed Mediator and is authorized to mediate the Disputes, and such other disputes between the Parties as agreed by the Plan Trust and Commonwealth as she determines appropriate in this case.

3.  The Mediation shall be conducted pursuant to a process determined by the Mediator in consultation with the Parties. Without limiting the foregoing, (i) lead counsel for each Party may participate in an initial conference and (ii) one or more principals for each Party, as well as lead counsel for each Party, may attend subsequent conferences as appropriate. Co-counsel and financial advisors may also participate in the Mediation. Nothing prohibits the Mediator from

meeting or communicating directly with a Party without the participation of the other Party in connection with the Mediation.

4. The Parties and their respective counsel shall participate in the Mediation in good faith.

5. Each Party may directly submit to the Mediator any materials (the "**Submissions**") in form and content as the Mediator requests. The Submissions shall not be filed with the Court. A Party's Submissions shall not be shared with the other Party without the submitting Party's consent.

6. The Mediation will be considered confidential settlement discussions pursuant to Rule 408 of the Federal Rules of Evidence and Rule 9017 of the Federal Rules of Bankruptcy Procedure, and the parties shall be bound by such rules and any other appliable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures. Any (a) discussions among the Parties, including discussions with or in the presence of the Mediator, or by Parties directly with the Mediator; (b) Submissions, mediation statements or any other documents or information provided to the Mediator or the Parties in the course of the Mediation; (c) correspondence, draft resolutions produced in connection with, or as a result of, the Mediation; and (d) offers, and counteroffers ((a) through (d), collectively, the "**Mediation Information**"), shall be (i) strictly confidential; (ii) subject to disclosure only to the Mediator and the Parties to which the Mediation Information is provided; (iii) not constitute a waiver of any existing privileges or immunities (even if such privileged information is produced during the Mediation); and (iv) not be admissible, discoverable or otherwise used for any purpose in any proceeding outside of the Mediation, including any judicial or administrative proceeding. No

person, including counsel, shall in any way disclose to any person not expressly permitted to see Mediation Information under this Order or to any court, including, without limitation, in any pleading or other submission to any court, any such Mediation Information, unless all Parties to the Mediation consent to disclosure. The confidentiality provisions in this decretal paragraph 6 shall not prevent a Party from using or disclosing materials and information it has created (with its own information) or that it has obtained through other means or sources, including legal process, in any lawful manner it sees fit (subject to other applicable law), and does not prevent the use or disclosure of materials and information that is a matter of public knowledge, provided that the material and information did not become public knowledge through an act or omission of a Party other than the Party who created it. Nothing herein shall alter, modify, or otherwise prejudice or impair any of the Parties' rights or obligations under any pre-existing confidentiality agreements or protective orders, all of which shall remain in full force and effect.

7.    No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator, (C) proposals made or views expressed by the mediator; (D) statements or admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation. The Parties, the Mediator, and all participants in the Mediation shall protect proprietary information.

8. The disclosure by a Party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of such information.

9. The Mediator will mediate this case in her capacity as a United States Bankruptcy Judge and shall retain the same immunity as she has as a judge under federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation including that, without limitation:

    A. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity.

    B. The Mediator may not testify or be compelled to testify regarding the Mediation in connection with any arbitration, judicial, or other proceeding.

    C. The Mediator will not be a necessary party in any proceedings relating to the Mediation.

10. Nothing in this Order prevents the Mediator from reporting (i) the status, but not the substance, of the Mediation or (ii) whether a Party failed to participate in good faith in the Mediation, subject in each respect to decretal paragraph 6 hereof.

11. No Party may be served with a summons, subpoena, notice, or other pleading at the location where the Mediation is occurring.

12. The Mediation shall terminate on the date (the "**Termination Date**") on which (i) the Mediator determines either that (a) the Parties are unable to reach a consensual resolution or (b) they have reached a consensual resolution or (ii) either Party provides notice (email shall suffice) to the other Party and the Mediator of their intent to terminate the Mediation. Within 14

days of the Termination Date, the Parties jointly shall file a notice with this Court stating the outcome of the Mediation, including whether the case settled.

       13.     Each Party shall bear its own costs and expenses incurred in connection with the Mediation.

       14.     Unless otherwise ordered by the Court, the assignment to Mediation does not delay or stay any deadlines set by the Court.

       15.     The Court retains jurisdiction in connection with this Order and all matters related thereto.

IT IS SO ORDERED THIS _____ DAY OF _____ 202__:

_____
GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

CONSENTED TO AND AGREED:

| *SHC PLAN ADMINISTRATOR TRUST* | *THE COMMONWEALTH OF MASSACHUSETTS* |
|---|---|
| By: */s/ Clifford W. Carlson* <br> WEIL, GOTSHAL & MANGES LLP <br> Clifford W. Carlson (Bar No. 24090024) <br> 700 Louisiana Street, Suite 3700 <br> Houston, Texas 77002 <br> Telephone: (713) 546-5000 <br> Facsimile: (713) 224-9511 <br> Email:   Clifford.Carlson@weil.com <br><br> Jeffrey D. Saferstein (*pro hac vice* forthcoming) <br> Gregory Silbert (*pro hac vice* forthcoming) <br> Robert S. Berezin (*pro hac vice* forthcoming) <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Email:   Jeffrey.Saferstein@weil.com <br>             Greg.Silbert@weil.com <br>             Robert.Berezin@weil.com <br><br> David J. Cohen (*pro hac vice* forthcoming) <br> 1395 Brickell Avenue, Suite 1200 <br> Miami, Florida 33131 <br> Telephone: (305) 577-3100 <br> Facsimile: (305) 374-7159 <br> Email:   DavidJ.Cohen@weil.com | By its attorney, <br><br> ANDREA JOY CAMPBELL <br> ATTORNEY GENERAL <br><br> By: */s/ Hugh M. McDonald* <br> Hugh M. McDonald (NY Bar No. NY2420974, S.D. Tex. Fed. No. 924315) <br> Special Assistant Attorney General <br> Andrew M. Troop (MA Bar No. MA547179, S.D. Tex. Fed. No. 3089813) <br> Special Assistant Attorney General <br><br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br><br> Andrew V. Alfano (NY Bar No. NY5525241, S.D. Tex. Fed. No. 3879712) <br> 31 West 52nd Street <br> New York, NY 10019 <br> Tel: 212-858-1000 <br> Fax: 212-858-1500 <br><br> William D. Wood (Tex. Bar No. 21916500, S.D. Tex. Fed. No. 2002) <br> L. James Dickinson (Tex. Bar No. 24105805, S.D. Tex. Fed. No. 3611267) <br> 609 Main Street, Suite 2000 <br> Houston, TX 77002 <br> Tel: 713-276-7600 <br> Fax: 713-276-7673 |

4906-6027-8661.v1