UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM LLC, *et al.*,<br><br>　　　　Debtors.[1] | : : : : : : : : : : | Chapter 11<br><br>Case No. 24-90213 (CML)<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF MASSACHUSETTS,<br><br>　　　　Appellant,<br><br>v.<br><br>PLAN ADMINISTRATOR COMMITTEEE, AS TRUSTEE OF PLAN TRUST OF STEWARD HEALTH CARE SYSTEM LLC, *et al.*,<br><br>　　　　Appellees. | : : : : : : : : : : : : : : : : : | Civil Action No. 4:25-cv-03754 |

**MOTION OF THE CLASS A TRUST BENEFICIARIES FOR ENTRY OF AN ORDER COMPELLING THE INCLUSION OF THE CLASS A TRUST BENEFICIARIES IN <u>FORTHCOMING MEDIATION</u>**

The holders of the Class A interests in the Litigation Trust (the "<u>Class A Trust Beneficiaries</u>") respectfully move for entry of an order compelling their inclusion in the forthcoming mediation between the SHC Plan Trust Administrator (the "<u>Plan Trust</u>") and the Commonwealth of Massachusetts (the "<u>Commonwealth</u>") under Local Rule 16.4, Federal Rule of

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

Civil Procedure 16, 28 U.S.C. § 652, and the Court's inherent authority. In support, they state as follows:[2]

## PRELIMINARY STATEMENT

1. This Motion presents a straightforward issue governed by the Local Rules. The Commonwealth has agreed to mediate its appeal challenging a settlement to which the Class A Trust Beneficiaries are primary parties—but has *refused* to allow those same parties to participate in the mediation. That refusal (i) violates Local Rule 16.4.E, (ii) if not remedied by this Court, would render the mediation futile, and (iii) serves no legitimate purpose.

2. Local Rule 16.4.E requires the attendance at mediation of all persons "necessary to negotiate a settlement . . . ." The Class A Trust Beneficiaries plainly qualify: they are parties to the settlement the Commonwealth seeks to modify; their consent is required to amend it; and no resolution of the Commonwealth's objections can be achieved without their participation. Excluding them is not just inefficient: it guarantees failure.

3. The Commonwealth offers two justifications, neither availing. First, it asserts the Litigation Trustee can "represent" the Class A Trust Beneficiaries' interests. That is wrong as a matter of law. The Litigation Trustee is a fiduciary to *all* Litigation Trust beneficiaries, collectively, including the holder of the Class B interests—which the Commonwealth alleges to be an indirect beneficiary of—whose interests may diverge sharply from those of Class A. Where the Litigation Trustee has discretion to act or refrain from acting, it must be guided by these fiduciary duties and cannot advocate solely for Class A without regard to the interests of all

---

[2] Capitalized terms used but not immediately defined in this Motion shall have the meanings ascribed to such terms (i) subsequently in this Motion or (ii) in the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Bankr. Dkt. No. 5035] (the "Settlement Order").

beneficiaries, collectively. Nor can the Litigation Trustee supply the consent required to amend the Settlement, which is binding on the Litigation Trustee and cannot be modified without the Class A representative's consent. Second, the Commonwealth claims that including the Class A Trust Beneficiaries would "overwhelm the mediator." That argument borders on frivolous. The mediator is an experienced bankruptcy judge, the Class A representative will participate in good faith, and, in any event, the Local Rules do not permit the exclusion of necessary parties for the sake of convenience. Excluding settlement principals, particularly here, ensures mediations go nowhere.

4. Notably, no other party opposes the Class A Trust Beneficiaries' participation. Both the Plan Trust and the Litigation Trust support their inclusion. The Commonwealth, advocating its parochial interests, stands alone in insisting on a mediation structure that cannot succeed.

5. The need for this Motion is regrettable. Nevertheless, the Court should enforce its Local Rules and compel the Class A Trust Beneficiaries' inclusion.

## RELEVANT BACKGROUND

6. The Debtors entered chapter 11 in May 2024 with over $8.8 billion in funded debt and purported long-term lease obligations, including a FILO facility with a principal amount outstanding of $305.5 million and a prepetition bridge facility with a principal amount outstanding of $274.5 million. The same group of lenders (the "<u>FILO Secured Parties</u>") financed the entire FILO facility and $135.8 million or roughly 50% of the prepetition bridge facility. The FILO Secured Parties further advanced $225 million in new money debtor-in-possession financing to fund the Debtors' bankruptcy proceedings.

7.  As the bankruptcy cases progressed, the Debtors advised that additional, long-term financing would be needed to monetize their remaining assets and maximize the value of their estates, including to prosecute valuable claims and causes-of-actions then held by the Debtors.

8.  After extensive negotiations and a months-long mediation before the Honorable Marvin Isgur to address the FILO Secured Parties' demand to foreclose on their collateral, the Debtors, the official committee of unsecured creditors (the "Creditors' Committee"), and the FILO Secured Parties reached a comprehensive settlement (the "Settlement"), under which (i) the mediation parties collectively resolved the FILO Secured Parties' demand, avoiding foreclosure, (ii) the Debtors would transfer substantially all of their remaining assets, including valuable claims, to a litigation trust (the "Litigation Trust") for monetization, and (iii) the FILO Secured Parties committed to provide $125 million in additional funding and consented to the use of their cash collateral to facilitate this monetization effort. The Settlement called for the appointment of a trustee (the "Litigation Trustee"), who, per the Settlement Order, "owe[s] fiduciary duties to all beneficiaries of the Litigation Trust, collectively . . . ."[3]

9.  Under the Settlement:

- The Litigation Trust has three classes of beneficiaries:
    - Class A-1 interests held by parties that extend litigation funding to the Litigation Trust (which holders are first in priority in the Litigation Trust's distribution waterfall);
    - Class A-2 interests, which entitle holders to a second priority position in the distribution waterfall; and
    - Class B interests, which are held by the Debtors' estates for the benefit of their unsecured creditors and have the lowest priority in the distribution waterfall (mirroring the priority of these unsecured creditors in the Debtors' bankruptcy before establishment of the Litigation Trust).

---

[3] Settlement Order ¶ 11.

- The FILO Secured Parties received *all* of the Class A-1 and Class A-2 interests, are now the Class A Trust Beneficiaries, and enjoy priority distribution and liquidation preferences.

- Amendments to the Settlement require the Class A representative's consent.

10. The Bankruptcy Court approved the Settlement over the Commonwealth's objection and later confirmed the Plan, which incorporated the Settlement. Consistent with the Settlement, the Litigation Trust was then formed and substantially all the Debtors' remaining assets were transferred to it. The Commonwealth appealed both orders and has repeatedly argued that the Settlement improperly favors the Class A Trust Beneficiaries.

11. The Plan Trust and the Commonwealth subsequently stipulated to mediation of the pending appeals. When the Class A Trust Beneficiaries sought the Commonwealth's consent to participate in the mediation—which the Class A Trust Beneficiaries expected to be freely provided given that the mediation directly concerns modification of their Settlement rights—the Commonwealth delayed response for days until ultimately refusing, noting its positions that (i) "the interests of the FILO Class A interest holders are adequately represented by the litigation trust" and (ii) "we do not want to overwhelm the mediator with multiple statements and parties."

12. Confused by the Commonwealth's position, particularly given the universal consent of every other party to the Class A Trust Beneficiaries' participation in the mediation, counsel for the Class A Trust Beneficiaries advised that they would be forced to move this Court for relief if the Commonwealth maintained its stance. The Commonwealth has not reversed course, necessitating this Motion.[4]

---

[4] Email from A. Harmeyer (Milbank) to, among others, H. McDonald (Pillsbury Law), A. Troop (Pillsbury Law), W. Wood (Pillsbury Law), and L. J. Dickinson (Pillsbury Law), copying others, re: "Steward – Mediation [Subject to FRE 408] (Jan. 23, 2026), attached hereto as Ex. A. Ex. A also includes prior communications among the Class A Trust Beneficiaries' counsel, the Litigation Trust's counsel, and the Commonwealth's counsel regarding the inclusion of the Class A Trust Beneficiaries in the mediation.

**RELIEF REQUESTED**

13. By this Motion, pursuant to 28 U.S.C. § 652, Federal Rule of Civil Procedure 16(c), Rule 16.4 of the Local Rules of the U.S. District Court for the Southern District of Texas (the "<u>Local Rules</u>"), and the Court's inherent authority to regulate the administration of the cases before it, the Class A Trust Beneficiaries request that the Court enter an order compelling the inclusion of the Class A Trust Beneficiaries in the forthcoming mediation.

**BASIS FOR RELIEF**

**I.     The Local Rules Require the Class A Trust Beneficiaries' Attendance**

14. Under Local Rule 16.4.E., if a court refers a case to mediation, "[p]arty representatives (in addition to litigation counsel) with authority to settle and ***all other persons necessary to negotiate a settlement*** . . . ***<u>must</u> attend the [mediation]*** . . . ." (emphases added). *See also Sanchez v. Prof'l Collection Consultants*, No. EP-10-CA-245-FM, 2011 U.S. Dist. LEXIS 166464, at *14 (W.D. Tex. Apr. 28, 2011) (sanctioning counsel for failing to attend a mandated mediation in violation of the local rules and the court's scheduling order).

15. Accordingly, courts in this Circuit routinely compel the attendance of parties whose participation will facilitate settlement. *See United States v. City of Garland, Texas*, 124 F. Supp. 2d 442, 444 (N.D. Tex. 2000) (upholding magistrate judge's order requiring two council members to attend a mediation, even though these council members lacked final authority to enter into a settlement, because "the presence of . . . a council member certainly can facilitate a settlement"); *Scaife v. Associated Air Ctr.*, 100 F.3d 406, 408 (5th Cir. 1996) (noting that the district court had specifically required the named plaintiff to attend mediation rather than such plaintiff's representative).

16. The Class A Trust Beneficiaries are indisputably necessary. They are parties to the Settlement under attack. They hold bargained-for economic rights the Commonwealth seeks to alter. Their consent is required for any amendment resolving the Commonwealth's objections as the Class A Trust Beneficiaries, alone, hold final settlement authority such that a mediation without them cannot produce a binding or enforceable resolution. The Commonwealth's self-serving position violates both the letter and purpose of the Local Rules.

**II.     The Litigation Trustee Cannot Fully Represent the Interests of the Class A Trust Beneficiaries**

17. The Commonwealth's contention that the Litigation Trustee can "represent" Class A, including by consulting with the Class A Trust Beneficiaries, is legally incorrect.

18. The Litigation Trustee owes fiduciary duties to *all* beneficiaries of the Litigation Trust, collectively, *including* Class B beneficiaries, whose economic interests may conflict with those of Class A. As noted, the Commonwealth claims to be an indirect beneficiary of the Class B interests—and would undoubtedly benefit from quieting the Class A's competing voice. But given the Litigation Trustee's defined mandate, it cannot advocate for Class A's interests in mediation without restraint and cannot provide the consent necessary to amend the Settlement.

**III.    Excluding the Class A Trust Beneficiaries Makes the Mediation Futile**

19. Even if the Local Rules did not compel inclusion (they do), the Court should require inclusion to avoid a pointless exercise.

20. The Commonwealth's primary objection is that the Settlement's distribution structure favors Class A. Any compromise necessarily involves Class A's economic rights. Conducting mediation without the parties who hold those rights all but ensures impasse, wasted resources, and further litigation.

21. By contrast, mediation is more likely to result in a successful settlement with the Class A Trust Beneficiaries included; indeed, bringing them to the table offers "an opportunity to explore a much wider range of options, including those that go beyond conventional zero-sum resolutions." *In re Atl. Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002) (explaining why compelling mediation, even in situations where one or more parties oppose such mediation, may be warranted); *see also Garland, Texas*, 124 F. Supp. 2d at 444 (compelling inclusion of party in mediation because such inclusion would "enhance and facilitate settlement prospects"). Excluding them guarantees the opposite.

**IV.     Inclusion Creates No Prejudice or Burden**

22. While the Commonwealth would prefer to sideline the Class A Trust Beneficiaries from the mediation, their inclusion will not delay the mediation, expand its scope, or burden the mediator. The Class A Trust Beneficiaries seek only to participate through designated representatives with settlement authority. Indeed, the Class A Trust Beneficiaries are limited in number and, if necessary, a single Class A representative could effectively participate in the mediation on behalf of all Class A Trust Beneficiaries.

23. Procedural concerns, such as briefing length or joint submissions, can easily be addressed by the mediator if necessary, and the Class A Trust Beneficiaries are prepared to participate in good faith with all mediation parties. The Commonwealth's appeal to convenience, however pretextual, is not a basis to disregard the Local Rules.

## **CONCLUSION**

24. For the foregoing reasons, the Class A Trust Beneficiaries respectfully request that the Court enter an order compelling their inclusion in the forthcoming mediation and granting such other relief as the Court deems just and proper.

Dated: January 28, 2026
Houston, Texas

**MILBANK LLP**

*/s/ Andrew Harmeyer*
Dennis F. Dunne (admitted *pro hac vice*)
Michael W. Price (admitted *pro hac vice*)
Andrew C. Harmeyer (admitted *pro hac vice*)
Brian Kinney (admitted *pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
mprice@milbank.com
aharmeyer@milbank.com
bkinney@milbank.com

Andrew M. Leblanc (admitted *pro hac vice*)
Brett P. Lowe (admitted *pro hac vice*)
1101 New York Ave,
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
Email: aleblanc@milbank.com
blowe@milbank.com

Samir L. Vora (admitted *pro hac vice*)
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063
Email: svora@milbank.com

- and –

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
myoung-john@porterhedges.com

*Co-Counsel for the Class A Trust Beneficiaries*

## **CERTIFICATE OF SERVICE**

     I certify that on January 28, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ John Higgins*